# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATASHA TONE, <br><br> Plaintiff, <br> vs. <br><br> WAL-MART STORES, INC., et al, <br><br> Defendants. | CASE NO. 14cv2643-LAB (DHB) <br><br> **ORDER TO SHOW CAUSE RE: JURISDICTION** |

Plaintiff Latasha Tone filed this employment action in state court alleging, in part, disability discrimination under the California Fair Employment and Housing Act (FEHA), and intentional infliction of emotional distress (IIED). She alleged two causes of action against her former supervisor, Defendant Camille Canegan, which included IIED.

Defendants removed this action on November 6, alleging jurisdiction on the basis of diversity. Although Canegan is a California citizen, Defendants claim she was fraudulently joined, and therefore removal was proper. Their arguments generally rest on three bases: (1) the IIED claim is barred by the manager's privilege; (2) the California Workers' Compensation Act is preempts the IIED claim; and (3) Tone fails to sufficiently state a plausible IIED claim. They repeat these arguments in their motion to dismiss. There are several problems with Defendants' arguments.

First, this Court has already held that an IIED claim premised on discrimination may fall outside the Workers' Compensation Act. *See Wason v. American Intern. Group, Inc.*,

2010 WL 1881067, at *4–6 (SD. Cal. May 6, 2010) (concluding a supervisor was not a sham defendant, in part, because the IIED claim was not clearly preempted by the worker's compensation statute); *see also Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1054–55 (C.D. Cal. May 30, 2013) (finding an IIED claim was not preempted by the Workers' Compensation Act's exclusivity provisions); *Barsell v. Urban Outfitters, Inc.*, 2009 WL 1916495, at *4 (C.D. Cal. July 1, 2009) (finding there is a "non-fanciful possibility" that an IIED claim based on allegations of disability discrimination aren't barred by the workers' compensation exclusivity provisions); *Fretland v. Cnt'y of Humboldt*, 69 Cal. App. 4th 1478, 1492 (1999) (finding plaintiff's IIED claim against employer is not preempted by the Workers' Compensation Act because work-related discrimination is not within the normal risk of the compensation bargain).

Second, the manager's privilege only applies to contractual or economic relationships; an IIED tort is outside the scope of this privilege. *See Calero v. Unisys Corp*, 271 F. Supp. 2d 1172, 1179–80 (N.D. Cal. May 19, 2003) (noting cases that hold an IIED claim is outside the scope of the managerial privilege); *Barsell*, 2009 WL 1916495 at *5 ("We are unaware of any case holding that the managerial privilege applies to insulate a defendant from liability for intentional conduct in violation of public policies contained in FEHA.").

Finally, Canegan cannot be disregarded for purposes of jurisdiction merely because Tone failed to plausibly state an IIED claim. Remand must be granted unless the defendant can show there is "<u>no possibility</u> that the plaintiff could prevail on any cause of action" against the non-diverse defendant. *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. Dec. 21, 2009) (quoting *Nickelberry v. DaimlerChrysler Corp.*, 2006 WL 997391, at *1–2 (N.D. Cal. Apr. 17, 2006)) (emphasis added); *accord Dyer v. Wells Fargo Bank, N.A.*, 2015 WL 2061781 (C.D. Cal. Apr. 30, 2015); *Bejarano v. Int'l Paper Co.*, 2015 WL 351420 (E.D. Cal. Jan. 23, 2014); *Umamoto v. Insphere Ins. Solutions, Inc.*, 2013 WL 2084475 (N.D. Cal. May 14, 2013). This means plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Padilla*, 697 F. Supp. 2d at 1159;

/ / /

*see also Birkhead v. Parker*, 2012 WL 4902695, at *3–4 (N.D. Cal. Oct. 15, 2012) (remanding after defendant failed to show plaintiff could not amend the complaint to state a viable IIED claim).

The Court is under an independent obligation to confirm its own jurisdiction at all stages of the proceedings, even if neither party raises the issue. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). If at any time before final judgment it appears that jurisdiction is lacking, the case must be remanded. 28 U.S.C. § 1447(c). The parties cannot waive lack of subject matter jurisdiction by express consent, conduct, or estoppel. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986)*; Sosna v. Iowa*, 419 U.S. 393 (1975). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted).

Defendants are therefore **ORDERED TO SHOW CAUSE**, no later than **Monday, June 29, 2015**, why this action should not be remanded. They may do so by filing a memorandum of points and authorities not to exceed five pages. If she wishes, Tone may file a response, subject to the same page limitations, no later than **Tuesday July 7, 2015**. The page limit does not include any attached or lodged material. If Defendants fail to show cause within the time permitted, this action will be remanded.

**IT IS SO ORDERED**.

DATED: June 15, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge