# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LATASHA TONE, | CASE NO. 14cv2643-LAB (DHB) |
|---|---|
| Plaintiff, | **ORDER OF REMAND** |
| vs. | |
| WAL-MART STORES, INC., et al., | |
| Defendants. | |

This case arises from Wal-Mart's termination of Latasha Tone. After she was fired, Tone sued Wal-Mart and her former supervisor, Camille Canegan, in state court. Wal-Mart removed the case to federal court, alleging diversity of citizenship. It contends Canegan's California citizenship doesn't defeat diversity because it's legally impossible for Tone to prove her intentional infliction of emotional distress (IIED) or defamation claims against Canegan and, therefore, she was fraudulently joined.

The Court ordered Wal-Mart to show cause why this Court has jurisdiction in light of *Wason v. Am. Intern. Group, Inc.*, 2010 WL 1881067 (S.D. Cal. May 6, 2010), which undermines the contention that Tone can't state an IIED claim against Canegan. The Order cautioned that if Wal-Mart failed to distinguish *Wason*, this case would be remanded.

**I.    Legal Standards**

    **A.    Removal**

Federal Courts are under an independent obligation to confirm their own jurisdiction, even if neither party raises the issue. *See United Investors Life Ins. Co. v. Waddell & Reed*

*Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Under 28 U.S.C. § 1441(a), a defendant may remove from state court only if the case could originally have been brought in federal court. The rule is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). A removing party bears the burden of proving the requirements for federal jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Otherwise, the case must be remanded. 28 U.S.C. § 1447(c).

### B.   Fraudulent Joinder

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder occurs where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (quotation omitted). "If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Hugais v. Sara Lee Corp.*, 2013 WL 3929141, at *2 (N.D. Cal. July 26, 2013). "There is a presumption against finding fraudulent joinder." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

## II.   Discussion

Wal-Mart argues Tone can't state an IIED claim against Canegan because: (1) the manager's privilege bars the IIED claim; (2) the Workers' Compensation Act (WCA) preempts the IIED claim; and (3) Tone doesn't have a plausible IIED claim.

### A.   Manager's Privilege

Cases analyzing the manager's privilege apply it only to contractual or economic relationships, not IIED claims. *See Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1052 (C.D. Cal. 2013) (finding defendants failed to meet their burden since it's unclear whether the "manager's privilege" applied to an IIED claim); *Barsell v. Urban Outfitters, Inc.*,

2009 WL 1916495, at *5 (C.D. Cal. July 1, 2009) ("We are unaware of any case holding that the managerial privilege applies to insulate a defendant from liability for intentional conduct in violation of public policies contained in FEHA."). The Court finds that the manager's privilege doesn't apply here.

### B. Workers' Compensation Act

Generally, employer-based actions causing emotional distress are preempted by the WCA, *see Johns-Manville Prod. Corp. v. Super. Ct.*, 27 Cal. 3d 465 (1980), since they are "part of the normal risk of employment." *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 814–15 (2001). The California Supreme Court has carved out two exceptions to this rule: (1) actions contravening "fundamental public policy;" and (2) actions that "exceed[] the risks inherent in the employment relationship." *Livitsanos v. Super. Ct.*, 2 Cal. 4th 744, 754 (1992). Discriminatory acts, for example, contravene fundamental public policy and therefore fall outside the normal employment relationship:

> An employer's behavior while dealing with employees can be outside the compensation bargain if the evidence shows it was beyond what would be considered normal aspects of an employment relationship. If an action contravenes a fundamental public policy (e.g., *discrimination*, harassment, strike-breaking, termination for refusal to testify falsely), it cannot be viewed as a risk of employment or a normal part of the work relationship.

*Wason*, 2010 WL 1881067, at *4 (emphasis added); *see also Fretland v. Cnty. of Humboldt*, 69 Cal. App. 4th 1478 (1999) ("Fretland's emotional distress claims are not barred by the exclusivity rule to the extent they seek emotional distress damages for the alleged work-related injury discrimination."); *Accardi v. Super. Ct.,* 17 Cal. App. 4th 341, 352 (1993) ("[A] claim for emotional and psychological damage, arising out of employment, is not barred where the distress is engendered by an employer's illegal discriminatory practices.").

Other federal districts courts agree with this conclusion. *See Bejarano v. Int'l Paper Co.*, 2015 WL 351420, at *11 (E.D. Cal. Jan. 23, 2015) (holding that discriminatory conduct prohibited under FEHA can form the basis of an IIED claim); *Graves v. Johnson Control World Serv. Inc.*, 2006 WL 618796, at *11 (N.D. Cal. Mar. 13, 2006) ("[C]ourts considering [IIED] claims have clearly ruled that such claims can be brought where the distress is

engendered by an employer's illegal discriminatory practices" (internal quotation marks omitted)). None of these cases require an IIED plaintiff to allege an "extracurricular activity" like fraud or harassment, as Wal-Mart asserts. (Docket no. 15 at 4:2–11.) They only suggest that either discrimination or harassment may shift an employer's conduct outside the WCA. *See Nazir v. United Airlines*, 178 Cal. App. 4th 243, 288 (2009) ("Neither discrimination nor harassment is a normal incident of employment.").

Wal-Mart argues that *Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876 (2008) held that public policy exceptions—like discrimination—only apply to wrongful termination claims, not to discharge claims. (Docket no. 15 at 1:21–25.) But that's wrong. *Miklosy* held that the plaintiff's claims were preempted by the WCA because "whistle blower retaliation" is a risk inherent in the normal employment relationship. *See Miklosy*, 44 Cal. 4th 876, 903. Tone's claim is different; she alleges discrimination, which is not a risk inherent in the normal employment relationship. *See Hattox v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 314953, at *6, n.4 (S.D. Cal. Jan. 25, 2013). Wal-Mart hasn't shown the WCA preempts Tone's discrimination claim against Canegan.

### C. Failure to State a Claim

Even if Tone hasn't plausibly stated an IIED claim, Wal-Mart still must show that it would be impossible for her to amend her complaint to allege a viable claim. *See Birkhead v. Parker*, 2012 WL 4902695, at *3 (N.D. Cal. Oct. 15, 2015) (the defendant "must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant, but must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant"). Wal-Mart hasn't made the necessary showing:

> Merely showing that an action is likely to be dismissed against [a] defendant does not demonstrate fraudulent joinder. Rather, it must appear to a near certainty that joinder was fraudulent. As a result, the removing defendant must establish that there is absolutely no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant . . . [t]hus, that a claim against the in-state defendant is insufficiently pled does not prove clearly and convincingly that there is absolutely no possibility that the plaintiff will be able to establish a cause of action.

Case 3:14-cv-02643-LAB-DHB   Document 18   Filed 08/05/15   PageID.189   Page 5 of 5

*Amarant v. Home Depot USA., Inc.*, 2013 WL 3146809, at *6 (E.D. Cal. June 18, 2013) (internal citations and quotation marks omitted). Wal-Mart may ultimately prevail on what appears to be a relatively weak IIED claim, but for now it bears the burden to show by clear and convincing evidence that Canegan was fraudulently joined. It hasn't.

### III. Conclusion

Because Tone and Canegan are both citizens of California, diversity jurisdiction is lacking. This action is **REMANDED** to the Superior Court of the State of California for the County of San Diego. Defendants' motion to dismiss (Docket no. 4) is **DENIED** as moot.

**IT IS SO ORDERED**.

DATED: August 3, 2015

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

- 5 -    14cv2643